IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER H. McCOY, #09150-025, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 16-cv-00475-MJR ) |
| UNKNOWN PARTY, BENNETT, MEADE, WRIGHT, BANLOW, and PRICE, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Christopher McCoy, an inmate who is currently incarcerated at the Federal Correctional Institution in Seagoville, Texas, brings this action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff claims that he was subjected to unconstitutional conditions of confinement at the United States Penitentiary in Marion, Illinois ("USP-Marion"). (Doc. 1, pp. 6-9). According to the complaint, the air conditioning in the prison's law library and education building failed on April 23, 2015. (*Id*. at 6). An unknown HVAC Supervisor ("John Doe #1") determined that the air conditioning unit could not be repaired immediately. Certain parts required replacement. HVAC Supervisor Doe #1 submitted an emergency project request, which was approved on May 5, 2015. Funding for the repair project was immediately available. (*Id*.).

Even so, the air conditioning unit remained inoperable for several months. (*Id*. at 6-7). During this time, prison officials took no steps to improve ventilation in the law library and

education building.  As temperatures soared above 100 degrees in the building, the windows remained closed.  (*Id.*).

Plaintiff filed a grievance to complain about the matter on July 13, 2015.  (Doc. 1-1, p. 1).  In response to his grievance, prison officials opened the windows in the law library and education building on July 13, 2015.  (Doc. 1, pp. 6-7).  The complaint does not indicate when the air conditioning unit was ultimately repaired.

In connection with these events, Plaintiff now sues six federal prison officials for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.  These officials include HVAC Supervisor Doe #1, Education Administrator Bennett, Library Supervisor Meade and Education Instructors Wright, Banlow, and Price.  (*Id.*).  Plaintiff seeks monetary damages.  (*Id*. at 9).

## Merits Review Under 28 U.S.C. § 1915A

Plaintiff's complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."   *Id*. at 557.

Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations, the Court finds that the complaint does not survive review under § 1915A and shall be dismissed.

## Discussion

Plaintiff asserts a single claim against the defendants in his complaint, which the Court characterizes as follows:

> **Count 1:** Defendants subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment, when they failed to repair the broken air conditioner or improve ventilation in USP-Marion's law library and education building from April 23 - July 13, 2015.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding the merits of this claim.

The complaint supports no viable claim against the defendants for subjecting Plaintiff to unconstitutional conditions of confinement (**Count 1**). The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend.

VIII; *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm to a prisoner's health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). The Eighth Amendment requires that inmates be provided with basic human needs. *Sanders v. Sheahan*, 198 F.3d 626, 628 (7th Cir. 1999) (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). Prison officials violate the Eighth Amendment where: (1) an alleged deprivation is "sufficiently serious" (the objective standard); and (2) the officials act with "deliberate indifference" (the subjective standard). *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). Such constitutional tort claims against federal officers are brought pursuant to *Bivens*. *See also Arnett v. Webster*, 658 F.3d 742, 750 n. 1 (7th Cir. 2011). "[F]ederal prisoners suing under *Bivens* may sue relevant officials in their individual capacity only." *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005).

The complaint does not satisfy the objective component of this claim because the allegations do not suggest that the deprivation was "sufficiently serious." This is not the typical case, where a prisoner alleges that he was subjected to extreme temperatures in his cell. In this case, Plaintiff was subjected to extreme temperatures and poor ventilation only while he was in the prison's law library and education building.

Given the vague allegations in the complaint, the Court has no way of assessing the level of Plaintiff's exposure to these conditions. Plaintiff does not indicate how often he visited the prison law library or education building during the relevant time period. His exposure to soaring temperatures depends, in part, on the frequency of these visits. A single one-hour trip to the library each week is very different than daily trips that span many hours.

Further, the complaint offers no indication of how often during these trips the temperatures reached unacceptable levels. Plaintiff alludes to the fact that temperatures sometimes exceeded 100 degrees. However, he fails to indicate how often and for how long he was present in the library when temperatures soared to this level.

Finally, the complaint includes no allegation remotely suggesting that Plaintiff suffered adverse health consequences as a result of his heat exposure. He does not allege that his exposure to excessive heat placed him at risk of developing health problems. He also does not allege that existing medical conditions were exacerbated by his heat exposure.

The complaint offers insufficient allegations in support of the objective component of this claim, and Count 1 must therefore be dismissed. In reaching this conclusion, the Court has construed the allegations in the complaint liberally. *Rodriguez*, 577 F.3d at 821. The Court is also aware that the Seventh Circuit and other circuit courts have "continually" recognized a prisoner's right to adequate ventilation. *See Board v. Farnham*, 394 F.3d 469, 487 (7th Cir. 2005) (collecting cases). Further, the Court is mindful of the fact that a "fact-intensive inquiry" is generally necessary to determine the adequacy of ventilation and exposure to extreme temperatures. *Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013) (citing *Shelby Cnty. Jail Inmates v. Westlake*, 798 F.2d 1085, 1087 (7th Cir. 1986)). Even so, the Court finds that the allegations offered in support of Count 1 are simply too vague to survive screening under § 1915A. Accordingly, **Count 1** shall be dismissed for failure to state a claim upon which relief may be granted. However, the dismissal is without prejudice, and Plaintiff shall be granted leave to file an amended complaint, according to the instructions set forth below in the disposition.

**Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), in which he asks this Court to recruit a full team of legal professionals to serve as his co-counsel. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

In his motion, Plaintiff discloses his efforts to find counsel. He alleges that his requests for legal representation were declined by a number of attorneys. Plaintiff maintains that he needs an attorney to represent him in this matter because he has a high school education and limited access to the law library. In fact, he needs a team of legal professionals to investigate his claims.

The Court deems it inappropriate to recruit counsel to represent Plaintiff at this time. Plaintiff demonstrates an ability to competently represent himself in this matter. The complaint is well-drafted and coherent. In it, Plaintiff raises a single claim based on the unconstitutional conditions of his confinement. The claim is factually and legally straightforward. The complaint fails to state a claim for relief only because Plaintiff neglected to offer basic factual allegations in support of his claim. This information includes the level of his exposure to extreme temperatures and poor ventilation in the law library and education building (i.e., frequency, duration, etc.), as well as any health consequences he suffered as a result. These facts are well within the range of Plaintiff's personal knowledge and require no outside research or investigation. Under the circumstances, the recruitment of counsel is not warranted, and the motion (Doc. 3) is **DENIED** without prejudice. However, the Court will remain open to appointing counsel as the case progresses.

### Disposition

**IT IS ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **UNKNOWN PARTY (JOHN DOE #1), BENNETT, MEADE, WRIGHT, BANLOW,** and **PRICE** are **DISMISSED** without prejudice, based on Plaintiff's failure to state a claim against them.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before July 15, 2016.** Should Plaintiff fail to file his first amended complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the

dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He must label the form, "First Amended Complaint," and list the case number for *this* action on the first page of the form. He should refer to the constitutional or statutory ground(s) for relief. Plaintiff should name the proper defendant(s). The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. He should *include only related claims* in his new complaint. Claims against different defendants that are found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the first amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the first amended complaint. The first amended complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 9, 2016**

        **s/ MICHAEL J. REAGAN**
        **Chief Judge**
        **United States District Court**