IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER H. McCOY, #09150-025, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-cv-00475-MJR ) |
| UNKNOWN PARTY, BENNETT, MEADE, WRIGHT, BARLOW, PRICE, and WARDEN, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is now before the Court for consideration of the First Amended Complaint ("amended complaint") (Doc. 12) filed by Christopher McCoy pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the amended complaint, Plaintiff claims that officials at the United States Penitentiary in Marion, Illinois ("USP-Marion"), failed to maintain adequate ventilation in the prison's law library between April and July 2015 (Doc. 12, pp. 1-8). The poor ventilation allegedly interfered with Plaintiff's use of the law library and his access to the courts. It also resulted in a denial of equal protection of the law. In connection with these claims, Plaintiff names USP-Marion's warden, John Doe #1 (unknown HVAC supervisor), Bennett (education administrator), Meade (library supervisor), Wright (education instructor), Barlow (education instructor), and Price (education instructor) (*id*.). He seeks monetary relief against them (*id.* at 8).

**Merits Review Under 28 U.S.C. § 1915A**

Plaintiff's amended complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints, including amended complaints, to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*,

577 F.3d 816, 821 (7th Cir. 2009). The amended complaint does not pass muster under § 1915A and shall be dismissed.

### First Amended Complaint

On or around April 23, 2015, an unknown HVAC supervisor ("John Doe #1") at USP-Marion determined that the air conditioning unit in the prison's law library was in need of repair (Doc. 12, p. 1). The prison received funding for the project on or around May 25, 2015 (*id*. at 2). Repair of the unit took several months because the HVAC supervisor was first required to disassemble the cooling system before ordering replacement parts and installing them.

All of the defendants were aware that the law library lacked air conditioning. Most of them worked in the education building, which houses the law library, and they regularly passed through the library on the way to their air conditioned offices. In the process, the defendants took no action to open windows in the library in order to improve air circulation, even when Plaintiff asked them to do so during the summer months (*id*. at 2, 4). At the same time, windows in other areas of the prison remained open to improve ventilation (*id*. at 2).

Between April 24 and July 13, 2015, Plaintiff frequently visited the law library because he was preparing several lawsuits, including a habeas petition, for filing (*id*. at 3). From Monday through Saturday each week, he used the law library from 1-3:20 p.m. From Monday through Thursday each week, he returned to the library from 7-8:20 p.m. Plaintiff alleges that he spent a total of 20-23 hours per week in the library conducting legal research that could not be completed elsewhere in the prison (*id*. at 4).

Plaintiff now claims that the lack of ventilation produced a "chilling effect" on his use of the prison's law library, in violation of his right to access the courts under the First Amendment

(*id*. at 3). He further claims that the different manner of cooling and ventilating areas of the prison amounted to a denial of equal protection of the law under the Fifth Amendment.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to reorganize the claims in Plaintiff's *pro se* amended complaint (Doc. 12) into the following enumerated counts:

**Count 1:** **Conditions of confinement claim against Defendants for failing to ensure adequate ventilation in the prison law library from April 24 - July 13, 2015.**

**Count 2:** **Denial of access to courts claim against Defendants based on their failure to adequately ventilate the prison law library from April 24 - July 13, 2015.**

**Count 3:** **Equal protection claim against Defendants for failing to provide proper ventilation in the prison's law library while providing adequate ventilation in other areas of the prison from April 24 - July 13, 2015.**

As discussed in more detail below, all three counts are subject to dismissal with prejudice for failure to state a claim upon which relief may be granted.

## Count 1

In his original Complaint (Doc. 1), Plaintiff asserted a single claim against the defendants for subjecting him to unconstitutional conditions of confinement in the prison's law library in violation of the Eighth Amendment. The allegations did not state a claim for relief, and the Court dismissed Count 1 without prejudice against all of the defendants (*see* Doc. 9). Plaintiff was granted leave to re-plead this claim. However, he chose not to do so in his First Amended Complaint (Doc. 12).

In addition to abandoning Count 1, the allegations in the amended complaint articulate no claim against the defendants for subjecting Plaintiff to unconstitutional conditions of confinement under the Eighth Amendment. The claim has an objective and a subjective component. *Sanders v. Sheahan*, 198 F.3d 626, 628 (7th Cir. 1999) (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). In order to satisfy the objective component, the alleged deprivation must be "sufficiently serious." *Id*. To satisfy the subjective component, the allegations must suggest that officials acted with "deliberate indifference." *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

The amended complaint does not satisfy the objective standard. This component requires the Court to consider whether the alleged condition of confinement is "'sufficiently serious' so that 'a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities.'" *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834). Unpleasant or temporary conditions do not satisfy this standard. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The conditions described in the amended complaint are not objectively serious. None of the allegations suggest that the temperature in the law library was excessive at the time Plaintiff conducted research there. Plaintiff complains of poor ventilation, but he mentions no adverse health consequences that resulted from the lack of ventilation. Further, Plaintiff's presence in the law library was voluntary. He could have altered his normal routine and visited the library at times when heat and ventilation problems decreased. However, Plaintiff mentions no change in his routine. By all indications, he continued visiting the library up to twice each day for six days each week. In doing so, he continued to maximize his use of the library voluntarily, not because he was required to remain there or because of an impending court deadline or statute of

limitation. The unpleasant and temporary conditions that Plaintiff describes support no claim for unconstitutional conditions of confinement against the defendants.

In summary, Count 1 shall be dismissed for two reasons. First, Plaintiff abandoned the claim by failing to re-plead it in his amended complaint. Second, the allegations in the amended complaint are insufficient to satisfy the objective component of this claim at screening. The dismissal of this claim shall be with prejudice.

**Count 2**

The amended complaint also supports no claim against the defendants for denying Plaintiff access to the courts by failing to timely address ventilation problems in the prison's law library. When prisoners claim that they have been denied access to the courts, they must "make specific allegations as to the prejudice suffered because of the defendants' alleged conduct." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (citations omitted). The "mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed.'" *Marshall*, 445 F.3d at 968 (quoting *Lewis v. Casey*, 518 U.S. 343 (1996)).

Plaintiff does not allege that his right to access the courts was, in any way, impacted by the conditions he encountered in the prison's law library. He alludes to a "chilling effect" that the conditions had on his use of the law library (*id*. at 3). However, Plaintiff continued using the law library for 20-23 hours per week between April and July of 2015, just as he had done before the alleged ventilation problems occurred. He mentions no impending deadlines, no statute of limitations issues, and no loss of legal claims that resulted from the conditions. Under the

circumstances, Plaintiff has failed to state a claim for the denial of access to the courts against the defendants. Accordingly, Count 2 shall also be dismissed with prejudice.

### Count 3

Plaintiff's equal protection claim meets with the same fate as his other claims. The United States Supreme Court and the Seventh Circuit have allowed *Bivens* actions to proceed based on the denial of equal protection of the law under the Fifth Amendment's due process clause. *See Davis v. Passman,* 442 U.S. 228, 248–249 (1979) (implying *Bivens* action under the equal protection component of the Due Process Clause in the context of alleged gender discrimination in employment); *Carlson v. Green*, 446 U.S. 14 (1980) (estate of deceased federal prisoner could sue federal prison officials for due process, equal protection, and Eighth Amendment violations). Although it is possible to pursue an equal protection claim against the defendants for monetary damages, the amended complaint supports no claim.

Nowhere in the amended complaint does Plaintiff allege that he was treated differently because of his race, religion, nationality, or on any other protected basis. The different treatment giving rise to his claim does not apply to him at all, but rather the decision to treat areas of the *prison* differently. Plaintiff complains that certain areas were cooled with an air conditioning unit, while other areas were cooled using open windows. The prison, as a physical structure, has no right to equal protection of the law. This claim is frivolous.

To the extent that Plaintiff intended to suggest that inmates were treated differently than guards or one another based on heating and cooling decisions is equally frivolous. Plaintiff does not indicate that the cell where he was housed was subject to these conditions, while other cells or housing units were not. He does not even allege that the library was subject to poor

ventilation and a lack of air conditioning at all times. Instead, he challenges the decision to open certain windows and not others at the prison on a temporary basis.

The Court can point to numerous reasons for refusing to open windows in a prison law library. Safety and security are the most obvious reasons. Inmates could fall from, jump from, or escape through open windows. Legal materials could disappear from the library through an open window, as could other items. The Court will not undertake an exhaustive discussion of the reasons for keeping windows in a prison law library closed. There are many good reasons for doing so.

At this stage, it is clear that Plaintiff has pleaded insufficient allegations to support a viable equal protection claim against the defendants. Count 3 shall be dismissed with prejudice. The dismissal of this frivolous claim is with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 12) and this action are **DISMISSED** with prejudice. With respect to Counts 1 and 2, the amended complaint does not state a claim upon which relief may be granted against any of the defendants. Count 3 is dismissed with prejudice because it is frivolous. Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011).

If Plaintiff wishes to appeal this Order, he may file a Notice of Appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*,

133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 12, 2016**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**
